**Alfonso Bermudez CABRERA,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 04–74960.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2008.*

Filed June 26, 2008.

Michael S. Cabrera, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, William C. Erb, Jr., Anthony W. Norwood, Oil, Yamileth G. Handuber, M. Jocelyn Lopez Wright, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We review for abuse of discretion the BIA's decision to deny a motion to reopen as untimely. *Lin v. Ashcroft,* 377 F.3d 1014, 1023 (9th Cir.2004).

## MEMORANDUM **

The facts and procedural history of this case are familiar to the parties, and we do not repeat them here. Cabrera argues that the BIA abused its discretion in denying as untimely his motion to reopen his application for cancellation of removal. Cabrera does not dispute that his motion to reopen was untimely under 8 U.S.C. § 1229a(c)(7)(C)(i) and 8 C.F.R. § 1003.2(c)(2). Instead, he argues that his delay should be excused because of ineffective assistance of an immigration consultant.[1] His argument lacks merit.

Aliens have a statutory right to the counsel of their choice in "any removal proceedings before an immigration judge." 8 U.S.C. § 1362. We have recognized that an alien's Fifth Amendment due process rights in removal proceedings "include[ ] a right to *competent representation* from a retained attorney" and that "an alien is denied due process when his attorney provides ineffective assistance" at a removal proceeding. *Ray v. Gonzales,* 439 F.3d 582, 587 (9th Cir.2006) (emphasis in original). We recently held, however, that the right to effective assistance of counsel in removal proceedings does not guarantee the effective assistance of immigration consultants. *See Hernandez v. Mukasey,* 524 F.3d 1014, 1020 (9th Cir.2008). In *Hernandez,* the petitioners acknowledged that they knew their immigration consultant was not an attorney.[2] *Id.* at 1015. We

---

2. Unlike other cases involving substandard assistance from non-attorneys where we have granted petitions for review, *see Albillo–De Leon v. Gonzales,* 410 F.3d 1090, 1094 (9th Cir.2005); *Fajardo v. INS,* 300 F.3d 1018, 1018–19, 1021 (9th Cir.2002); *Lopez v. INS,* 184 F.3d 1097, 1098 (9th Cir.1999), Cabrera does not allege that he believed his immigration consultant was an attorney or that she fraudulently held herself out to be an attorney.

held "that reliance upon the advice of a non-attorney cannot form the basis of a claim for ineffective assistance of counsel in a removal proceeding." *Id.* at 1020. *Hernandez* forecloses the relief that Cabrera seeks.[3]

The petition for review is DENIED.

---

3.  Our disposition of Cabrera's claim makes it unnecessary for us to address his further argument that he was not required to meet the BIA's requirements for an ineffective assistance of counsel claim, as established in *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988), or the government's argument that there is no Fifth Amendment right to the effective assistance of counsel in immigration removal proceedings.