**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NELIDA BAHENA URBINA, | No. 07-71937 |
| Petitioner, | Agency No. A095-108-772 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Nelida Bahena Urbina, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying cancellation of removal, and denying her

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008), and de novo questions of law, *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Bahena Urbina failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir. 2003). Bahena Urbina's contention that the agency failed to properly weigh her evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Our review of the BIA's decision to deny Bahena Urbina's motion to remand for fraud by an immigration consultant is foreclosed by *Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th Cir. 2008) (holding that "reliance upon the advice of a non-attorney cannot form the basis of a claim for ineffective assistance of counsel in a removal proceeding").

07-71937

The BIA did not abuse its discretion in denying Bahena Urbina's motion to remand because she failed to set forth any new facts or present any new evidence to warrant a remand. *See Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements of a motion to remand and a motion to reopen are the same."); *see also* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**