**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERTO EUSEBIO MARTINEZ-
PEREZ,

                Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

Nos. 08-70820
      08-74315

Agency No. A071-582-607

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

    In these consolidated petitions for review, Roberto Eusebio Martinez-Perez,

a native and citizen of Guatemala, petitions for review of the Board of Immigration

Appeals' ("BIA") orders denying his motion to reopen and denying his subsequent

motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen and reconsider, and review de novo questions of law, including claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petitions for review.

The BIA did not abuse its discretion in denying Martinez-Perez's motion to reopen as untimely because it was filed almost two years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Martinez-Perez failed to establish grounds for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances); *see also Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th Cir. 2008).

Because the untimeliness of the motion to reopen is dispositive, we do not reach Martinez-Perez's remaining contentions relating to the merits of his underlying ineffective assistance of counsel claim.

The BIA also did not abuse its discretion in denying Martinez-Perez's motion to reopen based on changed country conditions because he failed to present previously unavailable and material evidence of changed country conditions in

Guatemala.  *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Konstantinova v. INS*, 195

F.3d 528, 530 (9th Cir. 1999).

The BIA did not abuse its discretion by denying Martinez-Perez's motion to

reconsider because he failed to identify any error of fact or law in the BIA's

January 28, 2008, decision.  *See* 8 C.F.R. § 1003.2(b)(1).

**PETITIONS FOR REVIEW DENIED.**

08-70820