**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR REYES RODRIGUEZ; MARINA REYES; HECTOR DAMIAN REYES,<br><br>           Petitioners,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | Nos. 06-72227<br>       07-71332<br><br>Agency Nos. A075-745-316<br>           A075-745-317<br>           A075-745-318<br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted August 10, 2010[**]

Before:      LEAVY, HAWKINS, and IKUTA, Circuit Judges.

In these consolidated petitions for review, Hector Reyes Rodriguez, Marina

Reyes, and Hector Damian Reyes, natives and citizens of Mexico, petition for

review of the Board of Immigration Appeals' ("BIA") orders dismissing their

---

        [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's ("IJ") decision denying cancellation of removal, and denying their motions to remand and reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008), and de novo questions of law, *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008). We dismiss in part and deny in part the petition for review in No. 06-72227, and we deny the petition for review in No. 07-71332.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir. 2003). Petitioners' contention that the IJ erred by not considering their continuous physical presence and good moral character is unavailing because the IJ properly considered her hardship determination dispositive in denying their applications for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D).

To the extent petitioners contend that the BIA violated their due process rights by disregarding their evidence of hardship, this contention is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional

abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The BIA did not abuse its discretion by denying petitioners' first motion to remand because the BIA considered the evidence submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant a remand. *See Romero-Ruiz*, 538 F.3d at 1062 ("The BIA abuses its discretion if its decision is arbitrary, irrational, or contrary to law.") (internal quotations omitted).

The BIA did not abuse its discretion by denying petitioners' motion to reopen as untimely because it was filed nearly seven months after the BIA's March 8, 2006, order dismissing their underlying appeal, and petitioners failed to demonstrate that they qualified for an exception to the time limit. *See* 8 C.F.R. § 1003.2(c)(2)-(3).

**IN No. 06-72227: PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

**IN No. 07-71332: PETITION FOR REVIEW DENIED.**