**Wilfredo Esteban PERDOMO–DUARTE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76613.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 26, 2008.

Elizabeth Torres, Foss and Torres, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, David E. Pinchas, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Wilfredo Esteban Perdomo–Duarte, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir.2005), we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Perdomo–Duarte's untimely filing of his asylum application should be excused due to extraordinary circumstances. *See* 8 C.F.R. § 208.4(a)(5); *see also Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th Cir.2008) (holding that "reliance upon the advice of a non-attorney cannot form the basis of a claim for ineffective assistance of counsel in a removal proceeding"). Even assuming Perdomo–Duarte could show notary fraud, he failed to demonstrate he was prejudiced. *See Iturribarria v. INS*, 321 F.3d 889, 901–03 (9th Cir.2003). Finally, we lack jurisdiction to review Perdomo–Duarte's equitable tolling contention because he failed to exhaust

this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, Perdomo–Duarte failed to establish eligibility for asylum.

Substantial evidence supports the IJ's conclusion that Perdomo–Duarte failed to show eligibility for withholding of removal because the threats allegedly made against him did not rise to the level of persecution, *see Nahrvani*, 399 F.3d at 1153-54, and Perdomo–Duarte failed to establish that it is more likely than not that he will be persecuted because he provided no objective basis to fear harm and his similarly situated father continues to live in Guatemala without incident, *see Hakeem v. INS*, 273 F.3d 812, 816–17 (9th Cir.2001).

Substantial evidence further supports the denial of CAT relief because Perdomo–Duarte did not show it is more likely than not that he will be tortured if he returns to Guatemala. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

We deny Perdomo–Duarte's request for judicial notice. *See Fisher v. INS*, 79 F.3d 955, 963–65 (9th Cir.1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.