[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10999
Non-Argument Calendar

_____

Agency No. A79-466-214

JEAN KARL MOMPOINT,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 27, 2008)

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jean Karl Mompoint, a Haitian native and citizen, filed an asylum application that an immigration judge (IJ) found frivolous. The IJ entered a final order of removal against him. Mompoint appealed to the Board of Immigration Appeals (BIA), which affirmed and denied his motion to reopen the removal proceedings. Mompoint now petitions this Court for review of the BIA's denial of his motion to reopen.[1] He argues that the BIA erred by treating portions of his motion to reopen as a motion to reconsider and by denying those portions as untimely filed. He further argues that the BIA abused its discretion by denying his motion to reopen regarding his claim of ineffective assistance of counsel and regarding his request for an adjustment of status based on his marriage to a U.S. citizen. For the reasons below, we deny Mompoint's petition.

## STANDARDS OF REVIEW

We review the BIA's denial of a motion to reopen or motion to reconsider for an abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003) (citing *Mejia-Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 2001)). "We review questions of law *de novo*, with appropriate deference to the BIA's

---

[1]Although it is not entirely clear, Mompoint also appears to be seeking review of his final order of removal. However, he filed his petition for review over 30 days after the order was entered. A motion to reopen or reconsider does not toll the filing deadline. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). We therefore lack jurisdiction to consider Mompoint's arguments to the extent that they challenge the final order of removal.

2

reasonable interpretation of the [Immigration Nationality] Act." *Id.* at 1326

(citations omitted).

DISCUSSION

I.

The BIA did not err in treating as a motion to reconsider the portions of

Mompoint's motion to reopen that challenged the IJ's frivolous-application

finding. A motion to reopen must "be filed within 90 days of the date of entry of a

final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). It must

"state the new facts that will be proven at a hearing to be held if the motion is

granted, and shall be supported by affidavits or other evidentiary material." §

1229a(c)(7)(B). A motion to reconsider must "be filed within 30 days of the date

of entry of a final administrative order of removal." § 1229a(c)(6)(B). It must

"state the reasons for the motion by specifying the errors of fact or law in the prior

Board decision." 8 C.F.R. § 1003.2(b)(1).

Mompoint's final order of removal was entered on August 8, 2007.

Mompoint filed his motion to reopen on November 5, 2007, within the deadline for

a motion to open, but not a motion to reconsider. In his motion, he argues that the

BIA made errors of fact and law by affirming the IJ's finding that he filed a

frivolous asylum application and by rejecting his argument that he was denied due

3

process by not being allowed to explain the discrepancies in the application. Because Mompoint has alleged "errors of fact [and] law in the prior Board decision," § 1003.2(b)(1), and has not presented new facts supported by evidentiary material, § 1003.2(c)(1), the BIA did not abuse its discretion by treating Mompoint's challenge to the IJ's finding as an untimely motion to reconsider.

## II.

The BIA did not err by denying Mompoint's motion to reopen based on his claim of ineffective assistance of counsel.

> A motion to reopen . . . based on a claim of ineffective assistance of counsel requires (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

*Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005) (citing *Matter of Lozada*, 19 I & N Dec. 637, 639 (BIA 1988)). "[I]n addition to substantial, if not exact, compliance with the procedural requirements of *Lozada*, a petitioner

4

claiming ineffective assistance of counsel . . . must also show prejudice." *Id.* (citation omitted). "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Id.* (citation omitted).

Mompoint hired a paralegal to help him with his asylum application. He claims that his paralegal rendered ineffective assistance of counsel by submitting the asylum application with serious mistakes and embellishments and by telling him that he could attend the asylum hearing without counsel or an interpreter. Even if a paralegal's actions are subject to an ineffective assistance of counsel claim,[2] the BIA did not err in rejecting Mompoint's claim. Although Mompoint met *Lozada*'s procedural requirements by explaining in an affidavit the agreement he had with the paralegal and by filing a complaint with the Florida Bar, he has failed to show prejudice.

After being warned about the consequences of making false statements and knowingly waiving his right to a Creole interpreter, Mompoint testified without his paralegal at his asylum interview to the same false information included in his application. When Mompoint's case was referred to the IJ, the IJ concluded that

---

[2]Although we have not yet addressed the issue, the Ninth Circuit recently held that "[i]f . . . an individual chooses not to retain an attorney, and instead knowingly relies on assistance from individuals not authorized to practice law, such a voluntary choice will not support a due process claim based on ineffective assistance of counsel." *Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th Cir. 2008).

Mompoint had maintained a frivolous application. Because Mompoint testified falsely on his own, there is no reasonable probability that the IJ would not have found Mompoint's application frivolous, regardless of whether the paralegal gave him bad advice. Therefore, Mompoint fails to show prejudice, and the BIA did not abuse its discretion by rejecting Mompoint's claim of ineffective assistance of counsel.

III.

The BIA did not abuse its discretion by denying Mompoint's motion to reopen regarding his claim for an adjustment of status based on his marriage to a U.S. citizen. Although Mompoint submitted a marriage certificate and an I-130 visa petition, he did not submit with his motion to reopen any documentation indicating a bona fide marriage. *See* 8 C.F.R. § 204.2(a)(1)(i)(B) (identifying the types of documents a petitioner should submit that demonstrate a bona fide marriage, including but not limited to documents showing (1) joint property ownership; (2) joint tenancy of a common residence; (3) commingling of financial resources; (4) birth certificates of child(ren) born to the petitioner and beneficiary; or (5) affidavits of third parties having knowledge of the bona fides of the marriage). "The petitioner must establish by clear and convincing evidence that the prior marriage was not entered into for the purpose of evading the immigration

6

laws.  Failure to meet the 'clear and convincing evidence' standard will result in the denial of the petition."  § 204.2(a)(1)(i)(C).

Mompoint argues that the IJ abused her discretion by not considering that he was married before the removal proceedings began and that his wife was with him at all the hearings.  We disagree.  The IJ acted within her discretion in determining that Mompoint failed to establish by clear and convincing evidence that his marriage was bona fide.  And even if Mompoint had submitted documentation of a bona fide marriage that the IJ deemed sufficient, he still would have been ineligible for any relief under the INA because the IJ found that his application was frivolous.[3]  *See* 8 U.S.C. § 1158(d)(6).  Therefore, the BIA did not abuse its discretion by denying Mompoint's motion to reopen regarding his claim for an adjustment of status based on his marriage to a U.S. citizen.  We deny Mompoint's petition.

**PETITION DENIED.**

---

[3]Mompoint argues that he did not have an opportunity, let alone a "sufficient opportunity[,] to account for any discrepancies or implausible aspects of [his asylum] claim."  8 C.F.R. § 208.20.  His argument is misplaced.  The IJ or the BIA must be "*satisfied* that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim" before determining that the asylum application is frivolous.  § 208.20 (emphasis added).  The IJ conducted a full hearing before finding that portions of Mompoint's application were fabricated.