**Maria R. ALVAREZ; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74183.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 2, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maria R. Alvarez, Long Beach, CA, pro se.

Christopher A. Alvarez, Long Beach, CA, pro se.

Katharine Clark, Esquire, Trial, OIL, Barry J. Pettinato, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Maria R. Alvarez, and her son, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and review de novo claims of due process violations, *Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006). We deny the petition for review.

The BIA did not abuse its discretion in denying Alvarez's motion to reopen as untimely because it was filed more than nine years after the BIA's January 15, 1997 order dismissing Alvarez's underlying appeal, and Alvarez failed to establish that

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

she acted with the due diligence required for equitable tolling. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must generally be filed within 90 days of the final order); *Iturribarria,* 321 F.3d at 897 (deadline for filing a motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"); *see also Hernandez v. Mukasey,* 524 F.3d 1014, 1020 (9th Cir.2008). It follows that Alvarez has not shown a due process violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

## PETITION FOR REVIEW DENIED.