**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN JOSE BERMUDEZ-MELENDEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-75221 <br><br> Agency No. A070-776-150 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

   Juan Jose Bermudez-Melendez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's order denying his motion to reopen and

rescind a deportation order entered in absentia. Our jurisdiction is governed by 8

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Bermudez-Melendez's motion to reopen on the ground that he failed to establish exceptional circumstances based on notary advice. *See* 8 U.S.C. § 1252b(c)(3)(A)*; Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th Cir. 2008) (reliance on the advice of a non-attorney cannot form the basis of an ineffective assistance of counsel claim).

We lack jurisdiction to consider Bermudez-Melendez's contention that the BIA should have exercised its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.