**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SRI PURNAMA HUTAGAOL,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-70848<br><br>Agency No. A096-345-310<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Sri Purnama Hutagaol, a native and citizen of Indonesia, petitions pro se for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and deny the petition for review.

The record does not compel the conclusion that Hutagaol established extraordinary circumstances excusing the untimely filing of her asylum application. *See* 8 C.F.R. § 1208.4(a); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090-92 (9th Cir. 2010); *see also Hernandez v. Mukasey*, 524 F.3d 1014, 1015-16 (9th Cir. 2008) ("[K]nowing reliance upon the advice of a non-attorney cannot support a claim for ineffective assistance of counsel in a removal proceeding."). Accordingly, Hutagaol's asylum claim fails.

Substantial evidence supports the agency's finding that Hutagaol did not suffer past persecution because the discrimination she endured, the incidents involving individuals throwing rocks at her home, and the disruption and bomb threats against her church did not constitute persecution, even when considered cumulatively. *See Wakkary*, 558 F.3d at 1059-60; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Further, the record does not compel the conclusion that Hutagaol demonstrated either a sufficiently individualized threat of persecution, even as a member of a disfavored group, or a pattern or practice of persecution against Christians in Indonesia to establish a clear probability of future persecution. *See Hoxha*, 319 F.3d at 1184-85; *see also Wakkary*, 558 F.3d at 1061-

62, 1066 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail . . . ."). Accordingly, Hutagaol's withholding of removal claim fails. *See* 8 U.S.C. § 1231(b)(3).

Finally, substantial evidence supports the agency's finding that Hutagaol did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Indonesian government. *See Wakkary*, 558 F.3d at 1067-68; *Villegas v. Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008). Accordingly, her CAT claim fails.

**PETITION FOR REVIEW DENIED.**