
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELCHOR SORIANO LUCAS, Jr., | No. 11-71471 |
| Petitioner, | |
| v. | Agency No. A044-948-170 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2013[**]
Seattle, Washington

Before: McKEOWN and CLIFTON, Circuit Judges, and RAKOFF, Senior District
Judge.[***]

Melchor Soriano Lucas ("Lucas"), a native and citizen of the Philippines,

petitions for review of the decision by the Board of Immigration Appeals ("BIA")

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

affirming the Immigration Judge's ("IJ") finding of removability and denial of asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Lucas was convicted pursuant to Revised Code of Washington § 9A.52.025 of two counts of residential burglary and sentenced to two concurrent 15-month sentences of imprisonment. The Department of Homeland Security ("DHS") served Lucas with a Notice to Appear alleging that Lucas was removable because he had been convicted of an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) (any "alien who is convicted of an aggravated felony at any time after admission is deportable"); 8 U.S.C. § 1101(a)(43)(G) (defining "aggravated felony" to include "a theft ... or burglary offense for which the term of imprisonment [is] at least one year"). The Immigration Judge ("IJ") found that Lucas admitted the allegations and conceded removability, and denied Lucas's claim for relief.

On appeal, Lucas argues that 1) the IJ and BIA violated his rights to due process; 2) substantial evidence does not support the conclusion that he committed an aggravated felony; and 3) it was improper for the BIA to affirm the aggravated felony finding based solely on Lucas's admission.

Lucas affirmatively chose to have his hearing consolidated with his brothers' hearings and to proceed telephonically. Even if there were any error with the

2

telephonic, consolidated nature of the hearing or the advice of rights prior to the hearing, Lucas did not raise a due process or procedural claim before the BIA and cannot raise it for the first time here. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (noting that the exception to the administrative exhaustion requirement for constitutional due process challenges is available only where the due process claim involves "more than mere procedural error that an administrative tribunal could remedy").

The immigration court advised Lucas of his right to retain counsel and of the availability of free legal services, but he chose to proceed pro se at his hearing and to rely on the assistance of another inmate for his appeal to the BIA. Errors or strategic mistakes in the application or appeal resulting from Lucas's choice not to retain an attorney do not state an ineffective assistance of counsel claim. *See Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th Cir. 2008) (holding that when "an individual chooses not to retain an attorney, and instead knowingly relies on assistance from individuals not authorized to practice law, such a voluntary choice will not support a due process claim based on ineffective assistance of counsel" (footnote omitted)).

Lucas failed to exhaust before the IJ or the BIA his challenges to his categorization as an aggravated felon, and we thus lack jurisdiction to consider

3

them.  *See* 8 U.S.C. § 1252(d)(1); *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").  Even if we were to consider the claims, the record reflects that at the pleading stage Lucas admitted the allegations in the Notice to Appear and conceded that he was removable, which is sufficient to establish removability.  *Perez-Mejia v. Holder*, 663 F.3d 403, 414 (9th Cir. 2011) (holding that if at the "pleading stage an alien, individually or through counsel, makes admissions of fact or concedes removability, and the IJ accepts them, no further evidence concerning the issues of fact admitted or law conceded is necessary").  In his brief to the BIA, Lucas also admitted that the charges were aggravated felonies and that he was removable.

**PETITION DENIED.**