**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDRES RAMON FRANCISCO-
SALVADOR,

                Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 12-70298

Agency No. A095-722-153

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and TUNHEIM, District
Judge.**

    Andres Ramon Francisco-Salvador petitions for review of the decision of the

Board of Immigration Appeals ("BIA") dismissing his appeal from the

immigration judge's decision finding Francisco-Salvador removable.  The BIA

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **    The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

rejected Francisco-Salvador's argument that his due process rights were violated, finding that Francisco-Salvador had not demonstrated error and could not demonstrate any prejudice resulting from the alleged procedural errors in his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo "[w]hether an immigration proceeding violates an alien's due process rights," *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009), and deny the petition.

Francisco-Salvador's claim that his statutory right to counsel under 8 U.S.C. § 1229a(b)(4)(A) was violated in the removal proceedings fails because Francisco-Salvador "knowingly and voluntarily" waived that right when he appeared at the hearing without an attorney after the immigration judge had continued the proceedings to allow him to obtain counsel. *See Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th Cir. 2008).

Francisco-Salvador's other claims of procedural error also fail to establish due process violations because he has not demonstrated prejudice. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc). Francisco-Salvador's arguments regarding the immigration judge's failure to inform him of the government's burden of proof, sua sponte amendment of the notice to appear, and failure to apprise him of all possible avenues for relief, indicate only that the

2

**proceedings** would have been different, but do not present a plausible scenario in which the **outcome** of those proceedings would have been different. *See id.* ("To show prejudice, [the petitioner] must present 'plausible scenarios in which the outcome of the proceedings would have been different' if a more elaborate process were provided." (quoting *Walters v. Reno*, 145 F.3d 1032, 1044 (9th Cir. 1998))).

We also decline Francisco-Salvador's request to remand to the BIA in light of *Matter of Avetisyan*, 25 I&N Dec. 688 (BIA 2012). Because Francisco-Salvador did not request administrative closure, *Avetisyan* is irrelevant to the outcome of his removal proceedings or BIA appeal.

**PETITION DENIED**.