**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOVIK SATAMYAN, | No. 12-73290 |
| Petitioner, | Agency No. A095-445-481 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015**

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Hovik Satamyan petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision

denying his motion to reopen removal proceedings conducted in absentia.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, and review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Satamyan's motion to reopen, based on lack of notice, where Satamyan acknowledged that he was personally served his Notice to Appear ("NTA"), and the NTA complied with the requirements of 8 U.S.C. § 1229(a). *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1156 n. 4 (9th Cir. 2004) ("Current law does not require that the Notice to Appear . . . be in any language other than English."); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

The agency also did not abuse its discretion in denying Satamyan's motion to reopen where Satamyan failed to establish "exceptional circumstances." *See* 8 U.S.C. § 1229a (b)(5)(C)(I), (e)(1); *see also Hernandez v. Mukasey*, 524 F.3d 1014, 1018 (9th Cir. 2008) ("reliance on a non-attorney immigration consultant's deficient advice did not meet that 'exceptional circumstances' standard").

12-73290

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte.  *See Mejia-Hernandez v. Holder*, 633 F.3d 818 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**