**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 09 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUSA SULE, AKA James Matlock; MERIAMU OSENI, AKA Janice Sule, AKA Meriamu Sule, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 10-71339 <br><br> Agency Nos.      A027-579-911 <br>                A071-784-561 <br><br> MEMORANDUM[*] |
| MERIAMU OSENI, AKA Mero Oseni, AKA Janice Sule, AKA Meriamu Sule, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-70014 <br><br> Agency No. A071-784-561 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 7, 2015[]
San Francisco, California

Before: THOMAS, Chief Judge and McKEOWN and W. FLETCHER, Circuit Judges.

Musa Sule and Meriamu Oseni petition for review of the Board of Immigration Appeals' ("BIA") March 30, 2010 denial of their joint motion to reopen proceedings to seek adjustment of status, alleging that due process violations occurred and that equitable tolling applies, based on denial of the right to counsel and ineffective assistance of counsel. Oseni separately petitions for review of the BIA's December 21, 2010 denial of her motion for reconsideration of the March 30, 2010 order. We deny both petitions for review.

We review the BIA's ruling on a motion to reopen for abuse of discretion, while questions of law such as due process violations are reviewed de novo. *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008). A motion to reopen BIA proceedings "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened," 8 C.F.R. § 1003.2(c)(2), unless equitable tolling applies. *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1190 (9th Cir. 2001). The BIA issued its

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

final administrative decision on May 19, 2004, and thus Sule and Oseni's September 14, 2009, motion to reopen was untimely by about five years.

Although we generally have jurisdiction over "appeals from the [BIA's] denial of a motion to reopen a removal proceeding," *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015), "[w]e lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA," *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010). Because both Sule and Oseni failed to raise before the BIA their claims of denial of the right to counsel and ineffective assistance of counsel by prior counsel Michael Kramer, we lack jurisdiction to review those claims. We likewise lack jurisdiction over Sule's equitable tolling arguments because he failed to present them in the joint motion to reopen before the BIA.

In her motion for reconsideration, Oseni raised equitable tolling based on prior counsel Sarah Jones's alleged ineffective assistance of counsel, giving us jurisdiction over that claim. The BIA did not err in denying the motion because Oseni failed to show prejudice resulting from the alleged ineffective assistance. *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir. 2002). Oseni requested that the BIA reopen her proceedings to seek adjustment of status based on a visa petition filed by her adult daughter, who did not turn 21 (the age of eligibility to file such a visa petition) until May 6, 2007. Thus, even if Oseni had filed a motion

3

to reopen immediately after she became eligible for adjustment of status, the motion would have been untimely by nearly three years.

**PETITION DENIED.**

4