**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELMER ESAU MARTINEZ-MONROY, | No. 13-71588 |
| Petitioner, | Agency No. A201-174-347 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Elmer Esau Martinez-Monroy, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo due process claims, *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008), and for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

We reject Martinez-Monroy's claim that he did not receive a full and fair hearing in his remand proceedings. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Substantial evidence supports the BIA's determination that even if the past incidents with Martinez-Monroy's family are attributed to him, he failed to establish past harm or that it is more likely than not he would be persecuted on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (under the REAL ID Act, an applicant must prove that a protected ground will be at least one central reason for the persecutors' acts). Thus, Martinez-Monroy's withholding of removal claim fails. *See id.* at 742.

We do not consider Martinez-Monroy's other claims because the BIA's final order was limited to withholding of removal. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("[Court's] review is limited to the actual grounds relied upon by the BIA.") (internal quotation omitted).

**PETITION FOR REVIEW DENIED.**