**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE EDUARDO RIVERA-RODAS, | No. 14-72412 |
| Petitioner, | Agency No. A074-361-989 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Jose Eduardo Rivera-Rodas, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse

of discretion the denial of a motion to reconsider, and review de novo questions of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

law, including claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Rivera-Rodas' motion to reconsider where the motion failed to identify any error of fact or law in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1); *Mohammed*, 400 F.3d at 791 (the court reverses the denial of a motion to reconsider only if the BIA acted "arbitrarily, irrationally, or contrary to law"). The immigration judge ("IJ") advised Rivera-Rodas of his right to retain counsel and of the availability of free legal services, but he chose to proceed pro se at his hearing. Accordingly, the BIA did not err in finding that Rivera-Rodas failed to provide sufficient evidence to support a claim for ineffective assistance of counsel warranting equitable tolling of the filing deadline. *See Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th Cir. 2008) (holding that when "an individual chooses not to retain an attorney, and instead knowingly relies on assistance from individuals not authorized to practice law, such a voluntary choice will not support a due process claim based on ineffective assistance of counsel" (footnote omitted)).

The BIA did not fail to address Rivera-Rodas' "pro se ineffective assistance of counsel claim," where it was not developed in his motion to reopen and where

the BIA, in denying Rivera-Rodas' motion for reconsideration, noted that Rivera-Rodas had not met his evidentiary burden to state a claim for ineffective assistance of counsel. *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[t]he [Board] does not have to write an exegesis on every contention." (internal citation ommitted)).

Rivera-Rodas failed to exhaust before the BIA his contentions that the IJ failed to fully advise him of his right to counsel, or that Rivera-Rodas is due "equitable dispensation" of his 1997 deportation order. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**