NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMJIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-74266<br><br>Agency No. A205-243-560<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Paramjit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo due process claims, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to the length of Singh's first detention and the amount his father paid a smuggler to bring him to the United States, as well as on the omission from Singh's father's affidavit of Singh's first detention, beating, and subsequent hospitalization. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). The explanations Singh raised before the BIA do not compel a contrary result, *see Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000), and we lack jurisdiction to consider the contentions Singh raises for the first time in his opening brief, *see Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (requiring administrative exhaustion of legal claims). We reject Singh's contention that the IJ applied the wrong legal standard. In the absence of credible testimony, Singh's asylum and withholding of removal claims

fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Singh's CAT claim because it was based on the same evidence found not credible and the record does not otherwise compel the finding that it is more likely than not Singh would be tortured by or with the consent or acquiescence of the government if returned to India. *See Shrestha*, 590 F.3d at 1048-49.

Finally, we reject Singh's contentions that the IJ violated his due process rights. *See Lata v. INS*, 204 F.3d at 1046 (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**