Rene AYALA–FLORES, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 14–73099

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

FILED OCTOBER 3, 2017

Rene Ayala–Flores, Tucson, AZ, pro se.

Hillary Gaston Walsh, Esquire, Apo, AP, for Petitioner.

Andrea Gevas, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Rene Ayala–Flores, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations, *Hernandez v. Mukasey*, 524 F.3d 1014,

1017 (9th Cir. 2008), and review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Ren v. Holder*, 648 F.3d 1079, 1083–84 (9th Cir. 2011). We grant the petition for review and remand.

Substantial evidence does not support the agency's adverse credibility determination because it was based on inconsistencies that were trivial or unsupported in the record, and on other unsupported findings. *See Ren*, 648 F.3d at 1089 (adverse credibility finding not supported under the totality of circumstances); *see also Rodriguez v. Holder*, 683 F.3d 1164, 1173 (9th Cir. 2012) (BIA may not make its own factual findings). Further, Ayala–Flores demonstrated that incompetent translations occurred during his asylum hearing and that they prejudiced the outcome of his proceedings. *See Perez–Lastor v. INS*, 208 F.3d 773, 780 (9th Cir. 2000) (incompetent translation claim requires a showing that "a better translation would have made a difference in the outcome of the hearing") (internal citation omitted).

Thus, we grant the petition for review and remand Ayala–Flores' asylum, withholding of removal, and CAT claims to the agency, on an open record, for further proceedings with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also Soto–Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.