**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IQBAL SINGH, AKA Ibal Singh, | No. 16-73853 |
| Petitioner, | Agency No. A205-934-794 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Iqbal Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo claims of due process violations, *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008), and review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to the details of the first attack against Singh, the number of phone threats Singh received, and which of Singh's family members attempted to file a police report on his behalf, and based on the omission from Singh's application of efforts by his alleged persecutors to find him after he departed from India.  *See id*. at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (adverse credibility determination properly relied on an omission where the added details presented more compelling story of persecution).  Singh's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Thus, in the absence of credible testimony, in this case, Singh's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's CAT claim fails because it is based on the same testimony the agency found not credible, and Singh does not point to any other evidence in the

record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government of India. *Id*. at 1156-57.

Finally, we reject Singh's contention that the IJ violated his right to due process. *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

16-73853