**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON GUTIERREZ-MALDONADO; MARCIA THERESA CASTELAN-LIRA, | Nos. 03-74173 04-71896 |
| Petitioners, | Agency Nos. A077-065-056 A077-065-043 |
| v. | |
| ALBERTO R. GONZALES, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

In these consolidated petitions for review, Ramon Gutierrez-Maldonado and

Marcia Theresa Castelan-Lira, natives and citizens of Mexico, petition for review

of the Board of Immigration Appeals' ("BIA") orders summarily affirming an

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") decision denying Gutierrez-Maldonado's application for cancellation of removal, and denying petitioners' motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and de novo questions of law. *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008). We dismiss in part, deny in part, and grant in part the petition for review in No. 03-74173, and we deny the petition for review in No. 04-71896.

We lack jurisdiction to review the agency's discretionary determination that Gutierrez-Maldonado failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003).

To the extent Gutierrez-Maldonado contends that the agency violated his due process rights by disregarding his evidence of hardship, this contention is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The IJ granted petitioners voluntary departure for a 60-day period and the BIA streamlined and reduced the voluntary departure period to 30 days. In

*Padilla-Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir. 2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand for the BIA to reinstate the 60-day voluntary departure period.

The BIA did not abuse its discretion by denying petitioners' motion to reopen because the BIA considered the evidence submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.").

Petitioners' remaining contentions are unpersuasive.

**IN No. 03-74173: PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; and REMANDED.** Each party shall bear its own costs for this petition for review.

**IN No. 04-71896: PETITION FOR REVIEW DENIED.**