**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL GONZALO RIANO, | No. 09-72360 |
| Petitioner, | Agency No. A072-534-072 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Manuel Gonzalo Riano, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to remand

and dismissing his appeal from an immigration judge's order denying cancellation

of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of discretion the BIA's denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008), and review de novo due process claims, *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Riano's motion to remand to pursue adjustment of status where the BIA considered the evidence submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant a remand. *See Romero-Ruiz*, 538 F.3d at 1062 ("The BIA abuses its discretion if its decision is arbitrary, irrational, or contrary to law.") (internal quotations omitted).

The BIA also did not abuse its discretion in denying Riano's motion to remand so that he could apply for voluntary departure where Riano declined voluntary departure before the immigration judge, and he did not raise a claim of ineffective assistance of counsel. *See Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986) (aliens are generally bound by the conduct of their attorneys, absent egregious circumstances).

Riano has not established a violation of due process or equal protection. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

We lack jurisdiction to review Riano's contention that his case should have been remanded to consider new evidence of hardship related to his children because he failed to raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**