**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO MORENO-LOZOYA; JORGE MORENO-BARBA; SILVIA BARBA-MARTINEZ, a.k.a. Silvia Barba-Moreno, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73524 <br><br> Agency Nos. A088-360-100 <br> A088-360-101 <br> A088-360-102 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Antonio Moreno-Lozoya, Silvia Barba-Martinez, and Jorge Moreno-Barba

("Petitioners") petition for review of the Board of Immigration Appeals' ("BIA")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision denying their motion to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008). Questions of law are reviewed de novo. *Id.*

Petitioners contend that the BIA erred by denying the motion to reopen because they submitted evidence material to their asylum claim and presented prima facie claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). According to Petitioners, the evidence they submitted with their motion to reopen is material to their asylum claim because it shows that residents of Casas Grandes are specifically targeted by drug cartels and that they have a well-founded fear of persecution. However, to be eligible for asylum, Petitioners would have to prove a well-founded fear of persecution on account of a protected ground, and Petitioners did not present any evidence to support a claim that they would be targeted for persecution on account of their residency in the town of Casas Grandes. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i) and 1101(a)(42)(A); *Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010) (holding

_____

[1]Because the parties are familiar with the facts and procedural history underlying this appeal, we do not recount them here.

that an "alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005). Therefore, they did not present "material" new evidence regarding their asylum claim. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (holding that evidence presented with motion to reopen was not material because it merely recounted generalized conditions that failed to demonstrate that petitioner's situation was appreciably different from the dangers faced by her fellow citizens). Accordingly, the BIA properly addressed the materiality of the submitted evidence and did not abuse its discretion in deciding not to reopen proceedings for the asylum claim. *See* 8 C.F.R. § 1003.2(c)(1); *Najmabadi*, 597 F.3d at 986.

Petitioners point us to no evidence in the record tending to prove prima facie eligibility for withholding of removal or CAT protection. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (recognizing that, to qualify for withholding of removal, the applicant must demonstrate a clear probability of persecution on account of one of the specified grounds); *see also Azanor v. Ashcroft*, 364 F.3d 1013, 1018-19 (9th Cir. 2004) (recognizing that, to qualify for reopening for CAT protection, the applicant must establish a prima facie case that it is more likely than not that he will suffer the intentional infliction of pain or suffering by or at the

instigation of or with the consent or acquiescence of a person acting in an official capacity). In any event, we must refrain from ruling on Petitioners' contentions regarding withholding of removal and CAT protection, because these issues were not addressed by the BIA. *See Najmabadi,* 597 F.3d at 986 (holding that this court's review is limited to grounds actually relied upon by the BIA). Petitioners do not contend that the BIA erred by failing to address these issues, and such a contention is therefore waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (holding that issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED**.