NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SIRANUSH KARAPETYAN;  )       No. 10-73550
MILENA PETROSYAN,     )
                      )       Agency Nos. A097-863-502
       Petitioners,   )                   A097-863-503
                      )
       v.             )       MEMORANDUM*
                      )
LORETTA E. LYNCH, Attorney )
General,                   )
                      )
       Respondent.    )
                      )

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 6, 2016
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and GONZALEZ ROGERS,**
District Judge.

Siranush Karapetyan,[1] a native of Uzbekistan and citizen of Armenia,

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The Honorable Yvonne Gonzalez Rogers, District Judge for the U.S.
District Court for the Northern District of California, sitting by designation.

[1]Because the petition of Milena Petrosyan, her daughter, is derivative of

(continued...)

petitions for review of the Board of Immigration Appeals' (BIA) ruling upholding the Immigration Judge's (IJ) denial of her motion to reopen,[2] and its denial of her motion to remand to the IJ.[3]  We deny the petition.

(1)     When her applications for asylum, withholding, and Convention Against Torture relief were denied by the IJ, Karapetyan did not timely appeal that decision.  *See* 8 C.F.R. § 1003.38(b).  Primarily, Karapetyan asserts that her motion to reopen to pursue an appeal of the merits decision should have been granted, even though the motion was not filed within ninety days of the date of the merits decision.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i).[4]

The BIA agreed with the IJ's reasons for denying the motion.  So do we.

At the outset, Karapetyan had been informed that she must file a Notice of Appeal to the BIA in a timely fashion.  She was prepared to file that notice, but decided not to do so when a non-lawyer immigration consultant, whose name was

---

[1](...continued)
hers, we do not consider it separately.  It stands or falls with hers.

[2] *See* 8 C.F.R. § 1003.23(b)(3); *see also* 8 U.S.C. § 1229a(c)(7).

[3]*Cf.* 8 C.F.R. § 1003.2(c)(1), (4).

[4]We note that Karapetyan also sought to reopen on the basis of changed country conditions, and that has a more generous filing period.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i).  She does not assert that the IJ erred in denying that request based on the evidence before him.

not disclosed, told her that she need not do so. Her decision to rely upon the advice of the immigration consultant rather than upon the information given to her by the IJ does not tend to support her claim of equitable tolling. *See Singh-Bhathal v. INS*, 170 F.3d 943, 946–47 (9th Cir. 1999). She voluntarily decided to take the word of the consultant over that of the IJ. *Id.* at 947. To the extent she asserted that she was subjected to ineffective assistance of counsel due to the consultant's bad advice, that claim fails. The record does not support a determination that the consultant was an attorney or held himself out as one, and, thus, misled her into thinking that he was an attorney. *See Hernandez v. Mukasey*, 524 F.3d 1014, 1017–20 (9th Cir. 2008); *cf. Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1094, 1099 (9th Cir. 2005); *Jie Lin v. Ashcroft*, 377 F.3d 1014, 1023–24 (9th Cir. 2004). To the extent she asserted fraud, we note that she was not defrauded into thinking that the immigration consultant was going to file her appeal. He made it plain that he was not going to do so. But assuming that fraud delayed Karapetyan's filing of a motion to reopen, we are unable to say the IJ erred. The IJ reasonably found that the record before him—which failed to specify any date on which Karapetyan allegedly discovered the consultant's fraud—did not establish that Karapetyan had filed her motion to reopen in a timely manner after the date on which she discovered, or reasonably should have discovered, the immigration consultant's

3

fraud. *See Avagyan v. Holder*, 646 F.3d 672, 680–81 (9th Cir. 2011); *Singh v. Gonzales*, 491 F.3d 1090, 1096–97 (9th Cir. 2007).

In short, the BIA did not err. *See Toufighi v. Mukasey*, 538 F.3d 988, 992–93 (9th Cir. 2008); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1, 112 S. Ct. 812, 815 & n.1, 117 L. Ed. 2d 38 (1992); *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005).

(2) Karapetyan also asserts that the BIA erred when it denied her motion to remand to the IJ so that she could submit further evidence of changed circumstances. The standards for granting a motion to remand are essentially the same as those for a motion to reopen. *See Ubau-Marenco v. INS*, 67 F.3d 750, 758 (9th Cir. 1995), *overruled on other grounds by Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc); *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987); *cf. Chandra v. Holder*, 751 F.3d 1034, 1036–37 (9th Cir. 2014). Karapetyan does not address the ultimate merits of the BIA's determination on the motion to remand. Karapetyan objects only that the BIA erroneously engaged in fact-finding when it considered Karapetyan's new evidence and determined that it was not sufficiently different from that before the IJ when he denied her motion to reopen. *See Najmabadi v. Holder*, 597 F.3d 983, 986–87 (9th Cir. 2010). However, the BIA is permitted some limited review of evidence offered in support of a motion to reopen

4

or remand: Indeed, the BIA may deny such motion if it determines that the evidence fails "to establish a prima facie case for the relief sought," fails "to introduce previously unavailable, material evidence," or "even if these requirements [are] satisfied, the movant would not be entitled to the discretionary grant of relief which he [seeks]." *Id.* at 986. Here, as the BIA pointed out, the new evidence was much the same as that which Karapetyan had previously presented to the IJ. The IJ had already found the earlier evidence insufficient to establish a prima facie claim for asylum. Thus, the BIA did not run afoul of the prohibition on fact-finding by holding that the new, substantially similar evidence was also insufficient to establish a prima facie case for relief and thus Karapetyan "would not be entitled to the discretionary grant of relief" she sought. *Id.* at 986, 991; *see also* 8 C.F.R. § 1003.1(d)(1), (3).

Petition DENIED.